```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

_____

| | |
|---|---|
| **MICHAEL A. STEPHENS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. 20-2010-TLP-tmp |
| | ) |
| **SANTANDER CONSUMER USA, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

_____

## REPORT AND RECOMMENDATION
_____

Before the court is defendants Santander Consumer USA Inc. ("Santander"), Scott Powell, Juan Carlos Alvarez de Soto, and Allstar Recovery, LLC's motion to dismiss.[1] (ECF No. 16.) For the following reasons, it is recommended that the motion to dismiss be granted.

## I.   PROPOSED FINDINGS OF FACT

The following findings of fact are based on the well-pleaded allegations in the complaint and the exhibits attached to the complaint. (Complaint, ECF No. 1.) Consistent with the *pro se* pleading standard and Federal Rule of Civil Procedure 12(b)(6), the court has construed the factual averments in the complaint

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

liberally and accepts all well-pleaded allegations as true.

In June 2019, Michael A. Stephens wanted to buy a car. (Id. at 5 ¶¶ 20-4.) He went to Santander, a company that lends money to people who want to buy cars, to get a car loan. (Id.) Santander agreed to lend him money to buy a car. (Id.) The contract between Stephens and Santander allowed Santander to repossess Stephens's car if he did not pay the loan back. (Complaint Exhibit A, ECF No. 1-1.) Stephens alleges that after this contract, Santander recorded his promise to pay back the loan as an asset in its accounting records.[2] (Complaint, ECF No. 1 at 5 ¶ 25.) In August 2019, Stephens created a document he refers to as a promissory note purporting to have the same cash value as his loan. (Complaint, ECF No. 1 at 5 ¶¶ 27-9; Complaint Exhibit A, ECF No. 1-1.) Stephens sent his homemade promissory note to Santander with instructions to return it if it contained defects. (Id.) Santander did not return Stephens's homemade promissory note. (Complaint, ECF No. 1 at 6 ¶ 30.) In August and September 2019, Stephens sent Santander letters stating that because the company had not returned his homemade

---

[2]This allegation is a little bit unclear from the complaint, which simply alleges that Santander "did not lend him the money as agreed" but rather "funded the alleged loan check with Plaintiff's own promissory note[.]" (Complaint, ECF No. 1 at 5 ¶ 25.) In his response to the defendants' motion to dismiss, Stephens makes it clear that he is alleging that Santander recorded his promise to pay back his loan as an asset in its accounting records, which Stephens claims means Santander did not lend him money. (ECF No.

-2-

promissory note, he no longer owed it money. (Id. at 6 ¶¶ 31-4.) In response, Santander sent Stephens a letter informing him that he did owe the company money and that it was "respectfully declin[ing]" to accept his homemade promissory note as payment. (Complaint Exhibit C, ECF No. 1-3.) In December 2019, Stephens's car was repossessed for nonpayment. (Complaint, ECF No. 1 at Id. at 5 ¶ 23.)

On January 6, 2020, Stephens filed this complaint. There are ten causes of action in the complaint, along with references to dozens of provisions of federal, state, and international law. These various causes of action are all based on two legal theories. The first theory is that because Santander recorded its contract with Stephens as an asset, it did not really lend him money but instead lent his own money to him, and that his obligation to repay the loan is thus void. The second theory is that Stephens's homemade promissory note is legal tender that Santander was obligated to treat as if it were actual money. Santander and the other defendants — two of whom are Santander executives and one of which appears to be a repossession company — have moved to dismiss.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to

22.)

state a claim upon which relief can be granted, the court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  **Subject-Matter Jurisdiction**

The Sixth Circuit has held that federal courts lack subject-matter jurisdiction over complaints that are "totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[.]" Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Allegations of this nature lack "legal plausibility necessary to invoke federal subject matter jurisdiction." Id. at 480; see also Young v. FedEx Employees Credit Ass'n, No. 19-CV-2313-TLP-tmp, 2019 WL 7669173, at *7 (W.D. Tenn. Sept. 17, 2019), report and recommendation adopted, 2019 WL 5268564 (W.D. Tenn. Oct. 17, 2019).

Stephens's complaint meets the Apple v. Glenn standard. The idea that lenders are somehow lending a borrower's money back to them by recording repayment obligations as assets is "patently ludicrous" and has been "rejected by federal courts across the country." Demmler v. Bank One NA, No. 2:05-CV-322, 2006 WL 640499, at *3–4 (S.D. Ohio Mar. 9, 2006) (collecting cases). Likewise, a homemade promissory note "is not the equivalent of money," Stephens cannot create his "own currency and discharge [his] debts by tendering this 'negotiable instrument'" to Santander, and federal courts have consistently rejected such arguments as "absurd[.]" Johnson v. Santander Consumer USA, No. 2:17-2937-JTF-dkv, 2018 WL 3061920, at *4 (W.D. Tenn. Apr. 6, 2018), report and recommendation adopted, 2018 WL 2158778 (W.D. Tenn. May 10, 2018). Stephens's complaint is sufficiently frivolous to divest this court of subject-matter jurisdiction.

### III. RECOMMENDATION

For the reasons above, it is recommended that the motion to dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 27, 2020
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**