# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02010-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| SANTANDER CONSUMER USA, INC., ) | |
| SCOTT POWELL, CEO of Santander, ) | |
| JUAN CARLOS ALVAREZ DE SOTO, ) | |
| Served as CEO of Santander, and ALL ) | |
| STAR RECOVERY, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 24.) Plaintiff timely objected to the R&R. (ECF No. 25.) And Defendants responded to Plaintiff's objections. (ECF No. 25.) For the reasons below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. The Court therefore **GRANTS** Defendant's motion to dismiss (ECF No. 16) and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

## BACKGROUND

This case arises out of Plaintiff's attempts to secure a loan and purchase a vehicle. Plaintiff obtained a loan from Defendant Santander in exchange for his timely repayment of the loan. (ECF No. 1 at PageID 5.) The Retail Installment Contract between the parties provided that Santander could repossess the vehicle if he failed to repay the loan. (ECF No. 1-1.)

Plaintiff alleges that Santander then recorded his promise to repay the loan as an asset in its accounting records, which, according to Plaintiff, means that Santander never loaned him money. (ECF Nos. 1 at PageID 5; 22.) So Plaintiff created his own document and called it a promissory note for the same amount as his loan. (ECF Nos. 1 at PageID 5; 1-1.) Plaintiff mailed the promissory note to Santander in August 2019, with instructions to return the note to Plaintiff if it contained any defects. (ECF No. 1 at PageID 5.) But Santander never returned the promissory note. (ECF No. 1 at PageID 6.)

A short time later, Plaintiff mailed letters to Santander claiming that he no longer owed any money because Santander never executed the homemade promissory note. (*Id.*) Santander responded by mail that it "respectfully declined" to accept Plaintiff's promissory note as payment and informed him that he did, in fact, still owe the company money. (ECF No. 1-3.) And, in December 2019, Santander repossessed his vehicle for nonpayment. (ECF No. 1 at PageID 5.)

So Plaintiff sued. Plaintiff alleges ten causes of action, all stemming from two separate legal theories: (1) Santander only lent Plaintiff his own money, as evidenced by its recording the contract as an asset, and therefore Plaintiff does not have to repay; and (2) Plaintiff's homemade promissory note is legal tender that Santander had to treat as actual money. (*See* ECF No. 1.) Defendants moved to dismiss. (ECF No. 16.) And the Magistrate Court issued an R&R, recommending that the Court dismiss Plaintiff's complaint because it is frivolous enough to divest the Court of subject-matter jurisdiction. (ECF No. 24.)

Plaintiff objected to the Magistrate Court's interpretation of the facts underlying his claims and claims that the R&R "ignores the crux of [his] case"[1]; particularly, his claim that the alleged loan was a fallacy because Santander never loaned legal tender to Plaintiff. (ECF No. 25 at PageID 120–22; 123–24.) But upon de novo review, the Court finds that the Magistrate Court properly characterized Plaintiff's allegations. The R&R provides:

> [Plaintiff] alleges that Santander "did not lend him the money as agreed" but rather "funded the alleged loan check with Plaintiff's own promissory note[.]" In his response to the defendants' motion to dismiss, Stephens makes it clear that he is alleging that Santander recorded his promise to pay back his loan as an asset in its accounting records, which Stephens claims means Santander did not lend him money.

(ECF No. 24 at PageID 115 n.2.) Plaintiff's objection tries to clarify that Santander never loaned him money because "it never legally existed in the first place"—that is, the legal tender allegedly loaned to him was "created out of nothing" which Defendant then fraudulently sold back to Plaintiff. (*Id.*) And so Plaintiff claims Santander never put forth any consideration underlying the loan. (*Id.* at PageID 124–25.) As a result, according to Plaintiff, he is not responsible for repaying the loan. (*Id.*)

The Magistrate Court's interpretation of the facts appears correct. Plaintiff's argument is that Santander never in fact lent him money, thus, voiding his obligation to repay. The proposed findings of fact in the R&R encompass that claim. So, upon de novo review, the Court finds no reason to disturb the Magistrate Court's findings and **OVERRULES** Plaintiff's objection to the proposed findings of fact.

---

[1] Plaintiff alleges that his case "may well be . . . the first of its kind submitted before the federal courts . . . ." (ECF No. 25 at PageID 120–21.) But this is not true. Both Defendants' motion to dismiss (ECF No. 16) and the R&R (ECF No. 24), cite to number of cases with virtually identical facts to Plaintiff's.

3

## ANALYSIS

The Court has to review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). For these reasons, the Court finds Plaintiff has not properly objected to the Magistrate Court's findings.

Plaintiff makes many objections to the Magistrate Court's R&R. First, Plaintiff argues that the R&R ignores Generally Accepted Accounting Principles ("GAAP") as critical material facts. The Magistrate Court found Plaintiff's claims so incorrect and lacking in legal plausibility that the federal courts lack subject-matter jurisdiction even to address the merits of Plaintiff's claims. (ECF No. 24.) "Absent subject matter jurisdiction, the Court has no authority to rule on the merits of the claim." *Shearin v. United States*, No. 07-2269-BBD/sta, 2008 WL 2050836 at *1 (W.D. Tenn. Mar. 6, 2008) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

District courts may dismiss complaints for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) where the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing to *Hagans v. Lavine*, 415 U.S 528, 536–37 (1974)). "A case is frivolous if it lacks an arguable basis either in law or in fact." *Clay v.*

*Metropolitan Gov't*, 46 F. App'x 348, 348 (6th Cir. 2002) (citing *Dellis v. Corr. Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)).

Federal courts across the country have reviewed and repeatedly rejected the theories Plaintiff advances in support of his claims. *See, e.g.*, *Demmler v. Bank One NA*, No. 2:05-cv-322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006) (collecting cases).[2] In fact, this Court has recently rejected similar claims as absurd and patently frivolous. *Johnson v. Santander Consumer USA*, No. 2:17-cv-02937-JTF-dkv, 2018 WL 3061920, at *4 (W.D. Tenn. Apr. 6, 2018), *report and recommendation adopted*, 2018 WL 2158778 (W.D. Tenn. May 10, 2018) ("[Plaintiff's] 'promissory note' is not the equivalent of money [and she] cannot create her own currency and discharge her debts by tendering this 'negotiable instrument' to Santander.").

Upon de novo review, this Court finds that the R&R properly recommended dismissal of Plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff's arguments here are so baseless and so incorrect, that this Court lacks subject matter jurisdiction over these claims. Plaintiff cites no authority that his legal theories are even arguable. And the Court's survey of the current legal landscape shows that courts which have addressed these arguments have considered them baseless and fully devoid of merit. *See supra* n.2. The Court therefore finds

---

[2] *See also Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180-JMS-RLP, 2017 WL 2726692, at *4 (D. Haw. June 23, 2017) (dismissing claims based on plaintiff's "absurd and frivolous" premise that "a promissory note is money"); *Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *5 (W.D. Mich. Aug. 16, 2016) (holding that plaintiff could not pay the debt owed by use of a purported promissory note "because such a note is not legal tender"); *Martinez v. Wells Fargo Bank*, No. 12-cv-802-CAB(BGS), 2014 WL 12026058, at *5 (S.D. Cal. Sept. 11, 2014) ("To the extent that plaintiff means to argue that he satisfied his loan-repayment obligations when he tendered his promissory note, plaintiff is wrong."); *Baird v. Ammiyhuwd*, No. 1:16-cv-1152, 2017 WL 430772, at *2–3 (S.D. Ohio Jan. 31, 2017) (dismissing case when defendants sought to pay court filing fee with a self-created "promissory note"); *Johnson v. Wennes*, No. 08-cv-1798-L(JMA), 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) ("[A] promissory note is a promise to pay a stated amount that does not create money in payment for real property. . . . [Plaintiff's promissory note] did not create money out of the ether.").

that Magistrate Court did not err by failing to address GAAP principles in its analysis of the motion to dismiss. So this Court **OVERRULES** Plaintiff's objection.

Next, Plaintiff claims that the Court cannot rule on the merits of his case without discovery. But Plaintiff is mistaken. "A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment." *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (*citing Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 558–59 (2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). The Court therefore **OVERRULES** this objection.

Finally, Plaintiff argues that the Court should grant him leave to amend. But this Court finds that leave to amend is unwarranted here because Plaintiff cannot cure the deficiencies in his complaint with an amendment. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) ("A motion to amend a complaint should be denied if the amendment . . . would be futile.")); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.")

It is axiomatic that Plaintiff's attempts to repay his loan with a self-created promissory note are unavailing, and his claims against Defendant on this basis are baseless. *See supra* n.2. So even if Plaintiff were to amend his complaint to try to bolster his claims, the very nature of his claims fail as a matter of law. "Where a complaint is 'totally implausible, attenuated, unsubstantial, frivolous, devoid or merit, or no longer open to discussion,' the district court need not afford the plaintiff an opportunity to amend the complaint . . . ." *Russell v. Vittands*, 79 F.

6

App'x 859, 860 (6th Cir. 2003) (citing *Apple*, 183 F.3d at 479). Because the thrust of complaint is beyond debate, leave to amend would be futile. So the Court will not grant Plaintiff leave to amend.

## **CONCLUSION**

For all the above reasons, the Court **OVERRULES** Plaintiff's objections to the R&R (ECF No. 25), **ADOPTS** the R&R in full (ECF No. 24), and **GRANTS** Defendants' motion to dismiss (ECF No. 16), and **DISMISSES WITH PREJUDICE** Plaintiff's claims.

**SO ORDERED**, this 15th day of April, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE